UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 13-cv-23074-JEM

PAUL ALEXANDER WARREN,

        Plaintiff,

v.

DELVISTA TOWERS CONDOMINIUM
ASSOCIATION, INC. AND
HYMAN D. ZELCER,

        Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS TO NON-PARTIES, OR IN THE ALTERNATIVE, MOTION TO MODIFY SUBPOENAS**

COMES NOW, Defendants, DELVISTA TOWERS CONDOMINIUM ASSOCIATION, INC. and HYMAN D. ZELCER, by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 45(c) and this Court's Order dated March 4, 2014, allowing until March 7, 2014, for a response, these Defendants file this Response in Opposition to Plaintiff's Motion to Quash Subpoenas to Non-Parties, or in the Alternative, Motion to Modify Subpoenas, and in support thereof, states as follows:

    1.    The dispute in this matter arises from the Defendants in this matter enforcing a no pet restriction at the condominium operated by the Defendant, DELVISTA TOWERS CONDOMINIUM ASSOCIATION, INC. (hereinafter "DELVISTA").

    2.    The Plaintiff has alleged violations of the Fair Housing Act sounding in failure to reasonably accommodate and for retaliation.

    3.    The Plaintiff alleges in the Complaint that he suffers from "Severe Recurrent Major Depressive Disorder and Post Traumatic Stress Disorder." *See* **DE 1 at ¶ 8.** Both of these mental impairments allegedly substantially limit one or more of the Plaintiff's major life activities. *Id.*

4. The Plaintiff further alleges that in "in order to have equal use and enjoyment of his home, as well as to help alleviate the effects of his chronic disabilities, it is imperative that Plaintiff has the ability to live with an emotional support animal, which alleviates one ore more of the identified symptoms of Plaintiff's disabilities." *Id. at* ¶ 9.

5. Furthermore, Plaintiff allegedly provided the Defendants with a letter from his treating physician stating that under " 'no circumstances should he be separated from his emotional support animal . . .[because it] would exacerbate his symptoms' ." *Id. at* ¶ 11a.

6. In a letter attached to the Complaint, the Plaintiff's own physician states that he has been receiving treatment since July 2010, but only purchased the dog in the middle of 2013, making an analysis of his symptoms leading up to his purchase of the dog and after the dog, extremely relevant. *See* **DE 1.**

7. Furthermore, in the Plaintiff's Motion to Quash, it is clearly stated that "symptoms of the Plaintiff's disability are greatly ameliorated when Plaintiff is able to live with his dog as an emotional support animal." *See* **DE 34.**

8. Fla. Stat. §90.503 provides a psychotherapist-patient privilege, however, in subsection (4)(c) it states, "there is no privilege under this section: (c) for communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense. . ."

9. The Plaintiff has asked this Court to quash the subpoenas for depositions of records custodians issued in this matter or to modify them. As will be discussed in detail below, the Plaintiff's Motion should be denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court deny the relief sought in the Plaintiff's Motion to Quash, compel the Plaintiff to execute authorization forms, and for all other relief deemed just and proper.

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Case No. Case No. 13-cv-23074-JEM

## MEMORANDUM OF LAW

**I.     INTRODUCTION**

As outlined above and illustrated in the Plaintiff's Complaint and Motion to Quash, the Plaintiff's mental condition is clearly at issue in this matter. Furthermore, based on the allegations in the Complaint, not only is Plaintiff's need for a dog at issue, but also, the Plaintiff's allegations that without the dog, his symptoms would be exacerbated. *See* **DE 1 at ¶ 11a** and **DE 34**. The Plaintiff has alleged two grounds to support his Motion to Quash, (1) that the subpoenas were not properly issued in violation of Section 456.057 Fla Stat and Rule 45(b)(1) and (2) in the alternative, that the subpoenas should be modified. We will address each one of these arguments in turn.

**II.     Fla. Stat. § 90.503 provides that there is no privilege for psychotherapist-patient records in this matter and the Plaintiff's reliance on Hasan v. Graver is misplaced.**

*Hasan v. Graver* involved a medical malpractice case solely against Dr. Graver, filed by Mr. Hasan. 108 So.3d 570 (Fla. 2012). After receiving the allegedly negligent treatment from Dr. Graver, Mr. Hasan sought treatment from Dr. Jennifer Schaumberg. *Id.* As part of his case, Mr. Hasan sought to depose Dr. Schaumberg. *Id.* Prior to the deposition taking place, Dr. Graver's insurance company, which also insured Dr. Schaumberg, retained an attorney to consult with Dr. Schaumberg in an *ex parte* private predeposition conference. *Id.* Dr. Schaumberg was not a party in this suit. *Id.* The Court ultimately ruled that the insurance carrier was unable to have a predeposition conference with Dr. Schaumberg, a nonparty, even if they did not intend to discuss privileged matter, without taking necessary measures to protect the patient and the privilege. *Id.*

The case at hand is clearly distinguishable from the *Hasan* case insomuch as the Plaintiff has placed his mental state at issue in this case. Fla. Stat. §905.503 codifies a psychotherapist-patient privilege. However, it also carves out one large exception in Fla. Stat. §905.503(4) "There is no privilege under this section: . . .(c) for communications relevant to an issue of the

- 3 -

mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense. . ."

As mentioned above, the Plaintiff is absolutely making his mental and emotional condition at issue by claiming that his symptoms would be exacerbated without the animal, that the animal greatly ameliorates his conditions, and that he has a disability related need to live with his dog. By the Plaintiff's own pleadings, his mental condition is at issue and thus, the privilege provided under Fla. Stat. §90.503, by the statue's express language, does not apply.

The Plaintiff also alleges that the subpoenas for the depositions of records custodians were served improperly in this matter pursuant to F.R.C.P. 45(b)(1) for failure to give notice. In the Rule 26 Scheduling Conference, the undersigned spoke with the opposing counsel related to its need to evaluate the very records sought in the subpoenas *sub justice* and the opposing counsel indicated she would objection to any production of same. Again, after the subpoenas were issued and a noted objection was communicated from the opposing counsel, the undersigned transmitted medical authorizations to the opposing counsel to be executed in lieu of the subpoenas, and the opposing counsel refused to execute same, and instead filed the instant Motion.

Since the Plaintiff refused to execute the authorizations, then in the alternative, the Defendants ask this Court to compel the executions of the authorizations or order the depositions to move forward. Therefore, the Plaintiff has not shown grounds necessary to quash the subpoenas issued as the information sought in same is relevant and non-privileged.

    **III.   The subpoenas are not overboard and the information sought is relevant.**
As the Plaintiff alleges, the subject animal is needed to prevent an exacerbation of the Plaintiff's symptoms. *See* **DE 1.** Furthermore, in order to analyze this matter, it has been found that an emotional-support animal, like the one in this case, may be a reasonable accommodation under the FHA when the animal is *necessary for a disabled person to enjoy equal housing rights.*

*(emphasis added), Falin v. Condominium Association of La Mer Estates, Inc.,* 2012 WL 1910021 (S.D. Fla. 2012).

Therefore, the psychological medical records and history of the Plaintiff are certainly relevant in determining the reasonableness of his request for the dog. In a letter attached to the Complaint, the Plaintiff's own physician states that he has been receiving treatment since July 2010, but only purchased the dog in the middle of 2013. The Defendants are **entitled** to analyze the substance of the Plaintiff's argument as to how this dog helps alleviate certain of his symptoms and will exacerbate his symptoms if the animal is not allowed to reside with the Plaintiff. The Plaintiff lived for years without an animal and it certainly presents the question as to whether or not this dog was necessary for the Plaintiff to enjoy equal housing rights.

Based on the foregoing, the Defendants are entitled to all of the records sought in this matter based on the claims made by the Plaintiff and the alleged exacerbation of the Plaintiff's injuries if he isn't allowed to have the animal. The Defendants are entitled to request and maintain the medical history of the Plaintiff related to the psychological issues he complains of to determine if the animal in question is truly necessary, and if it satisfies other elements of the statute.

Finally, the Plaintiff asks that it be allowed to submit reports in lieu of treatment records. *See* **DE 34.** As correctly noted by the Plaintiff, Fla. Stat. §456.057(6) (Plaintiff cited section 7) only applies when the patient (Plaintiff in this matter) requests the documents, not when another individual does. Here, it wasn't the Plaintiff requesting the records, but a third party. Second, to allow a doctor who is paid by the Plaintiff, possibly even someone who will be retained as an expert in this case, to dictate what will be included in the report, or dictate what will be provided to the undersigned in this matter, impairs the undersigned's ability to present a full defense on behalf of the Defendants in this matter. Thus, given the express language of the section cited by

the Plaintiff *and* that to allow the treating physician to determine what is relevant, would be unjust and impair the undersigned from presenting a defense to this matter.

## IV. Conclusion

The records sought in this matter are not subject to the psychotherapist-patient privilege because the Plaintiff has expressly put his emotional and mental condition at issue in this case. Therefore, pursuant to Fla. Stat. §90.506(4), the undersigned, as part of its defense of the Defendants, is entitled to those documents. Furthermore, it is necessary for the undersigned to examine and compare the allegations made in the Plaintiff's complaint to prior symptoms suffered related to exacerbation of his symptoms without the dog, the dog's ameliorative effect on his symptoms, and the necessity of the dog to allow the Plaintiff equal use and enjoyment of his property which is precisely what is sought in these subpoenas. All of the records sought are relevant and non-privileged.

If the Court finds solely that the undersigned inadvertently did not provide proper, written notice of these subpoenas that are seeking otherwise relevant and non-privileged information, the undersigned will re-notice them if the Court finds this necessary. However, based on the opposing counsel's previous unwillingness to execute the authorizations, in such an event that subpoenas need to be re-issued, the undersigned would ask this Honorable Court to compel the execution of the authorization forms. Under Fla. Stat. §456.057(7)(3) specifically allows for disclosure of patient records when a subpoena is issued and proper notice is given to the patient. Thus, the undersigned will be able to re-subpoena these providers if necessary. Given that the Plaintiff now has notice and has been given an opportunity to attempt to limit the scope of the subpoenas, the undersigned would submit that it would simply delay the discovery process to require it to re-issue the subpoenas for documents that it is entitled to receive. Therefore, the Defendants request all of the relief sought in the Plaintiff's Motion to Quash be denied and for all other relief deemed just and proper.

Case No. Case No. 13-cv-23074-JEM

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

        COLE, SCOTT & KISSANE, P.A.
        Attorneys for Defendants
        1645 Palm Beach Lakes Blvd., 2nd Floor
        West Palm Beach, Florida 33401
        Telephone: (561) 383-9200
        Facsimile: (561) 683-8977

By: /s/ Barry A. Postman 
    BARRY A POSTMAN
    Florida Bar No. 991856
    E-mail Address: barry.postman@csklegal.com
    ANIKA R. CAMPBELL
    Florida Bar No.: 037371
    E-mail Address: anika.campbell@csklegal.com

**SERVICE LIST**

Robert N. Hartsell, Esq.
Robert N. Hartsell, P.A.
Federal Tower Building
1600 South Federal Highway
Suite 921
Pompano Beach, Florida 33062
T: 954-778-1052
F: 954-941-6462
Email: Robert@Hartsell-Law.com

Marcy I. Lahart, Esq.
Marcy I. Lahart, P.A.
4804 SW 45th Street
Gainesville, Florida 32608
T: 352-224-5699
F: 888-400-1464
Email: marcy@floridaanimallawyer.com

I:\6539-0183-00\pleading\motion\response- motion to quash subpoena.docx