UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-CV-23074-JEM Civil

PAUL ALEXANDER WARREN,

    Plaintiff,

vs.

DELVISTA TOWERS CONDOMINUM
ASSOCIATION, INC. and
HYMAN D. ZELCER

    Defendants.
_____/

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS TO NON-PARTIES, OR IN THE ALTERNATIVE, MOTION TO MODIFY SUBPOENAS**

COMES NOW Plaintiff, PAUL ALEXANDER WARREN, by and through his undersigned counsel, and pursuant to F.R.C.P. 12(f) hereby files this Reply to Defendant's Response to Plaintiffs' Motion to Quash Subpoenas, etc., and in support thereof states as follows:

1. **THE SUBPOENAS SHOULD BE QUASHED BECAUSE THEY WERE ISSUED IN VIOLATION OF SECTIONS 456.057 FLORIDA STATUTES AND RULE 45(b)(1), FED R. CIV. P.**

Florida law unequivocally requires that "proper notice" be provided to a patient or their legal representative before their confidential medical records can be obtained via subpoena. § 456.057(7)(a)(3) Fla. Stat. (2013). Even *assuming arguendo* counsel for Defendants somehow concluded that brief mention during the Scheduling Conference provided the statutory "proper notice," of the subpoenas at issue, Federal law clearly requires heightened notice requirements when a party seeks production from a non-party: that a **notice and copy** of a subpoenas commanding the production of documents **must be served** on each party **before** it is served on the person to whom it is directed. Rule 45(a)(4) (emphasis added).

Interestingly, Counsel submits that she is presently willing to re-issue the subpoenas in order to obey the statutory notice requirements, despite her insistence that it would cause a delay in the discovery process. Counsel for the Defendants surrendered any objections based on delay when she failed to follow the legally required procedure for issuing subpoenas for confidential medical records from the outset, and then refused request by the undersigned to withdraw the illegal subpoenas.

### 2. IF NOT QUASHED, THE SUBPOENAS SHOULD BE MODIFIED BECAUSE THEY ARE OVERBROAD

Plaintiff does not dispute that his mental health is the proper subject of discovery. However, contrary to opposing counsel's brazen assertion that "Defendants are **entitled** to all of the records sought in this matter," the treatment records produced should be temporally limited to the claims at issue and germane to whether Plaintiff has a disability related need for an assistance animal. (DE 36 at 5) (emphasis supplied) *See Scully v. Shands Teaching Hosp. & Clinics, Inc.*, 128 So. 3d 986, 988-89 (Fla. 1st DCA 2014) (finding reversible error when the trial court did not limit the scope of records required to be produced temporally and when it failed to require an in camera review to ensure relevant records be produced). On the contrary, the subpoenas at issue seek to compel the broadest possible production of the **all** of Plaintiffs' medical and psychiatric records from three of Plaintiff's medical providers for the entirety of his medical relationship with each providers, to wit:

> "Any and all medical records, psychiatric records, reports, consults, statements, x-rays, charts, memoranda, office notes, prescriptions, orders, billing records, diagnostic test results, correspondence with other physicians, the plaintiff and/or insurance companies, insurance forms, etc. The file should […] not be limited to any particular incident." (DE 34, Exhibit 1)

Thus, Plaintiff reiterates his request that, if the Court denies the Motion to Quash, the subpoenas should be modified to require submittal of Plaintiff's psychiatric and psychological treatment

records to the Court, and that all records relating to his medical treatment be reviewed *in camera* to ensure that the only records produced to Defendants are records relevant to the litigation. *See James v. Veneziano*, 98 So. 3d 697, 698 (Fla. 4th DCA 2012); *Smith v. Smith*, 64 So. 3d 169 (Fla. 4th DCA 2011); *Barker v. Barker*, 909 So. 2d 333 (Fla. 2d DCA 2005); *Bergmann v. Freda*, 829 So. 2d 966 (Fla. 4th DCA 2002). Finally, Plaintiff points out that nowhere in the Response did Defendants object to Plaintiffs request for *in camera* review.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that an order be issued quashing the three subpoenas issued by Defendant, and that Defendant be ordered not to issue subpoenas to non-parties in the future without providing 10 days advance notice to Plaintiff.  Alternatively, if the Court upholds the subpoenas for Plaintiff's psychiatric and psychological treatment records, Plaintiff respectfully requests that the subpoenas be modified to require any records produced in response to the subpoenas be received by the Court, with a complete copy to Plaintiff's counsel, so that the Court may review any such treatment records *in camera* to determine if they may be used in this case.

Respectfully submitted on March 12th, 2014.

BY:____/s/_____  
Marcy I. LaHart, Esq.  
Florida Bar No. 0967009  
Marcy@floridaanimallawyer.com  
MARCY I. LAHART, P.A.  
4804 SW 45th Street  
Gainesville, Florida 32608  
Telephone (352) 224-5699  

BY: ____/s/_____  
Robert N. Hartsell, Esq.  
Florida Bar No. 636207  
Sarah M. Hayter, Esq.  
Florida Bar No. 83823  
Robert@Hartsell-law.com  
Sarah@Hartsell-law.com  
ROBERT N. HARTSELL, P.A.  
1600 S. Federal Highway, Ste. 921  
Pompano Beach, Florida 33062  
Telephone (954) 778-1052  
Facsimile (954) 941-6462

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF electronic mail service to all counsel of record this 12th day of March, 2014.

| | |
|---|---|
| BY:___/s/_____ | BY: ____/s/_____ |
| Marcy I. LaHart, Esq. | Robert N. Hartsell, Esq. |
| Florida Bar No. 0967009 | Florida Bar No. 636207 |
| Marcy@floridaanimallawyer.com | Sarah M. Hayter, Esq. |
| MARCY I. LAHART, P.A. | Florida Bar No. 83823 |
| 4804 SW 45th Street | Robert@Hartsell-law.com |
| Gainesville, Florida 32608 | Sarah@Hartsell-law.com |
| Telephone (352) 224-5699 | ROBERT N. HARTSELL, P.A. |
| | 1600 S. Federal Highway, Ste. 921 |
| | Pompano Beach, Florida 33062 |
| | Telephone (954) 778-1052 |
| | Facsimile (954) 941-6462 |