UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-23074-CIV-MARTINEZ/GOODMAN

PAUL ALEXANDER WARREN,

    Plaintiff,

v.

DELVISTA TOWERS CONDOMINIUM
ASSOCIATION, INC., et al.,

    Defendants.

_____/

## DISCOVERY ORDER

This Cause is before the Undersigned on two discovery motions. Plaintiff Paul Alexander Warren ("Warren") moves to quash Defendants Delvista Towers Condominium Association, Inc. and Hyman D. Zelcer's (collectively, "Defendants") subpoenas to certain non-parties. [ECF No. 34]. Defendants oppose Warren's motion. [ECF No. 36]. For their part, Defendants move to compel Warren to execute a jurat page for Warren's interrogatory answers and to compel better responses to their discovery requests. [ECF No. 47]. Warren opposes Defendants' motion. [ECF No. 62]. The Undersigned has reviewed the parties' discovery briefing and the relevant portions of the record, and held a multi-hour hearing on April 21, 2014. As outlined below, Warren's motion is **denied in part and granted in part**. Defendants' motion is **denied in part on the merits and denied in part as moot**.

## I. BACKGROUND

Warren brought the instant lawsuit against Defendants for alleged violations of the Fair Housing Act ("FHA"). [ECF No. 1]. Warren claims that the Defendants violated the FHA when they denied him the ability to live in his condominium with an emotional support animal – his dog. Warren argues that this emotional support animal is essential because it alleviates one or more symptoms of his Severe Recurrent Major Depressive Disorder and Post Traumatic Stress Disorder. The condominium is a no-pets building and Defendants challenge Warren's mental health status and also contend that his dog is a danger, regardless of whether he meets the criterion for a support animal.

## II. WARREN'S MOTION

### A. Background

Defendants issued third-party subpoenas requesting *all* of Warren's medical and psychological records from Dr. Robert Vassal (Warren's psychiatrist), Dr. Percy Ricketts (Warren's psychologist), and Pamela Pollack, LCSW (Warren's mental health counselor). [ECF No. 34]. Warren argues that these subpoenas should be quashed because Defendants failed to provide him sufficient advance notice as required under Federal Rule of Civil Procedure 45. Alternatively, Warren argues that the subpoenas should be modified because they request Warren's entire medical history, rather than only records that are relevant to this litigation.

### B. Quashing the Subpoenas

In general, before a subpoena is served on a third-party, notice must be served on each party to the litigation. Fed. R. Civ. P. 45(a)(4). "The purpose of the 'prior notice' provision is to give an opposing party the opportunity to object to the subpoena prior to the date set forth in the subpoena." *Fla. Media, Inc. v. World Publ'ns, LLC,* 236 F.R.D. 693, 695 (M.D. Fla. 2006) (internal citations and quotations omitted). "A subpoena may be quashed due to a party's failure to comply with Rule 45." *Steel Works Rebar Fabricators, LLC v. Alterra Am. Ins. Co.,* No. 11-24032-CIV, 2012 WL 1918704, at *2 (S.D. Fla. May 25, 2012).

Defendants conceded at the hearing that they did not give the *prior* notice required under Rule 45 to Warren. Nevertheless, the Undersigned finds that quashing the subpoenas is not prudent here for three reasons. First, the purpose of the rule has been met. The subpoenas have not been responded to while this discovery dispute has been pending and Warren has now had an opportunity to interpose objections. Second, Defendants did provide notice several weeks before the return dates for the subpoenas, thereby enabling Warren to object. The notice was technically defective, however, because it was not provided before the subpoenas were served. Third, quashing the subpoenas at this late stage of the case -- discovery is set to close in less than 10 days -- would deprive Defendants of relevant discovery to which they are entitled. *See Steel Works Rebar Fabricators, LLC,* 2012 WL 1918704, at *2.

### C. <u>Modifying the Subpoenas</u>

Both federal and Florida law provide for the protection of a person's medical records from disclosure. *Estate of Carrillo v. F.D.I.C.*, No. 11-226688-CIV, 2012 WL 1831596, at *5 (S.D. Fla. May 18, 2012). That protection, however, is not absolute. If a person puts his medical condition at issue in a case, then the other party may seek information regarding that medical condition. Courts will balance a patient's privacy interests in their medical records against the other party's litigation interest.

In order to prove that an accommodation is necessary under the FHA, a plaintiff must demonstrate that "the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability." *Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir. 1995). Here, the main issue is whether Warren's emotional-support animal is **necessary** for him due to his disability. Because Warren's disability is not outwardly visible and because he did not always require an emotional support animal, Warren's medical condition is directly relevant to the issues in this litigation. At the same time, the Undersigned understands Warren's desire to avoid the public disclosure of his personal medical information. In that regard, the Undersigned finds Magistrate Judge Andrea Simonton's decision regarding the production of medical records in a similar case persuasive. *Estate of Carillo*, 2012 WL 1831596, at *5.

Accordingly, it is **ORDERED** as follows:

4

1. The persons who received subpoenas, Dr. Vassal, Dr. Ricketts, and Ms. Pollack, shall produce all of Warren's records, other than billing records, in their possession to Defendants' counsel within 7 days of this Order or 1 day before their respective depositions, whichever is sooner.

2. All parties to this lawsuit are prohibited from using or disclosing any protected health information ("PHI") obtained pursuant to these three subpoenas for any purpose other than the litigation of this lawsuit. Additionally, Defendants are required to return to Warren or destroy the PHI, including all copies made, at the end of the litigation of this lawsuit, which includes the time for all appellate proceedings or the expiration of the time to commence such appellate proceedings, whichever occurs last. In addition, documents produced in response to the subpoenas shall be viewed only by Warren himself and counsel for the parties, i.e., "attorney's eyes only."

3. Defendants' representatives shall not be entitled to attend any deposition of Warren's medical health providers, e.g., Dr. Vassal, Dr. Ricketts, or Ms. Pollack. Moreover, during any such deposition, Warren's counsel may instruct the court-reporter that certain deposition testimony will be for attorney's eyes only and should be designated as confidential.

4. If either party seeks to file any PHI, whether in documents or deposition transcripts, with the court, then they shall do so under seal and abide by the requirements of Local Rule 5.4.

### III. DEFENDANTS' MOTION

After hearing from the parties at the hearing on Defendants' motion, it is **ORDERED** and **ADJUDGED** as follows:

#### A. <u>Defendants' Requests for Production</u>

**Denied**, as moot. Warren's counsel represented on the record that all responsive documents in Warren's possession, custody, or control have been produced.

#### B. <u>Defendants' Interrogatories</u>

1. <u>Execution of Jurat</u>

**Denied**, as moot. Warren has executed the jurat page.

2. <u>Interrogatory Numbers 5 and 6</u>

**Denied**. The Undersigned will not require Warren to provide specific dates of his medical treatment.

3. <u>Interrogatory Number 10</u>

**Denied**. Warren has sufficiently answered this interrogatory.

4. <u>Interrogatory Number 15</u>

**Denied**. Warren has sufficiently answered this interrogatory.

5. <u>Interrogatory Numbers 19, 21, and 23</u>

**Denied**, as moot. Defendants may question Warren at his deposition on these issues.

## IV. CONCLUSION

For the reasons stated above, Warren's motion is denied in part and granted in part. Defendants' motion is denied in part on the merits and denied in part as moot. As each party prevailed on some issues and lost on some issues, the Undersigned declines to award any party attorney's fees under Federal Rule of Civil Procedure 37.

**DONE AND ORDERED** in Chambers, in Miami, Florida, April 22, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Honorable Jose E. Martinez
All Counsel of Record