UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 13-23074-CIV-MARTINEZ-GOODMAN**

PAUL ALEXANDER WARREN,

    Plaintiff,

vs.

DELVISTA TOWERS CONDOMINIUM
ASSOCIATION, INC.,
HYMAN D. ZELCER,

    Defendants.
_____/

## OMNIBUS ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

This CAUSE came before the Court upon Paul Alexander Warren's ("Plaintiff['s]") Motion to Strike both Delvista Towers Condominium Association Inc.'s ("Delvista['s]") and Hyman D. Zelcer's ("Zelcer['s]") (collectively, "Defendants[']") Affirmative Defenses to Plaintiff's First Amended Complaint (D.E. Nos. 88, 89). Defendants have responded in opposition to Plaintiff's motions (D.E. Nos. 103, 104), and Plaintiff has timely replied (D.E. Nos. 111, 112).

    **I.**    **Background**

Pursuant to the allegations set forth in Plaintiff's First Amended Complaint (D.E. No. 70), Plaintiff owns and resides in Delvista Towers Condominium, which has a "no pet" policy. (D.E. No. 70 at 2). Plaintiff's psychiatrist, Dr. Robert Vassal, diagnosed Plaintiff with Severe Recurrent Major Depression Disorder and Post Traumatic Stress Disorder. (D.E. No. 70-1 at 2).

On June 12, 2013, Dr. Vassal "strongly recommenced" to Delvista that it make a reasonable accommodation to its "no pet" policy pursuant to 42 U.S.C. §§ 3601 et seq., the Fair Housing Act (the "FHA"), allowing Plaintiff to live with his assistance animal, "Amir," because of the dog's therapeutic use and function. *Id.* Additionally, Delvista also received a written letter from Plaintiff explaining his disorder, attaching the letter from his psychiatrist, and requesting a reasonable accommodation. (D.E. No. 70-2 at 3-4). On June 27, 2013, Delvista's counsel sent correspondence to Dr. Vassal and Plaintiff requesting additional information "to properly evaluate [Plaintiff's] claim that he requires a reasonable accommodation." (D.E. Nos. 70-3, 70-4). Thereafter, Plaintiff retained counsel who again petitioned for the accommodation. (D.E. No. 70-5). To date, Delvista has failed to grant the accommodation, but Plaintiff continues to keep Amir in his dwelling. (D.E. No. 103 at 10, D.E. No. 104 at 8).

## II. Legal Standard

A court is empowered to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to avoid the costs that arise from litigating spurious issues, and it provides the court with wide latitude to dispense with frivolous pleadings. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). Despite the discretion afforded district courts, pleadings should not be disturbed unless such action is clearly warranted. *Id.* Motions to strike are a drastic and rarely granted remedy. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, such motions are not granted even when procedurally appropriate and well-founded. *Sample v. Gotham Football Club, Inc.*, 59 F.R.D. 160, 169

(S.D.N.Y. 1973) (citing *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962[1])). To the extent that a defense puts into issue relevant and substantial legal or factual questions, it is sufficient as a matter of law and may survive a motion to strike. *See Augustus*, 306 F.2d at 868. Thus, motions to strike pursuant to Rule 12(f) are granted only when the defense is "insufficient as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). An affirmative defense is insufficient as a matter of law if (1) it is patently frivolous on the face of the pleading, or (2) it is clearly invalid as a matter of law. *Id.*

The purpose of Fed. R. Civ. P. 8(c) is to guarantee that a plaintiff will have fair notice of any issues outside of the pleadings that may be raised at trial. *See Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). An affirmative defense "admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 690 (S.D. Fla. 2013) (quotations omitted). Further, a defense that challenges a plaintiff's *prima facie* case is not an affirmative defense. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). This Court has held that an affirmative defense falls within the purview of the pleading requirements as interpreted under *Bell Atl. Corp. v. Twombley*. *See Losada*, 296 F.R.D. at 691; *see also Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007). As such, affirmative defenses "will be stricken if they fail to recite more than bare-bones conclusory allegations." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007). Although an affirmative

---

[1] All decisions issued by the Fifth Circuit on or before Sept. 30, 1981, have been adopted as binding precedent for the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

defense "does not need detailed factual allegations, [it] requires more than labels and conclusions" raising the right to relief above the speculative level. *Mid-Continent Cas. Co. v. Active Drywall S. Inc.*, 765 F. Supp.2d 1360, 1361 (S.D. Fla. 2011) (quoting *Twombley*, 550 U.S. at 555).

### III. Analysis

#### a. Delvista's First Affirmative Defense[2]

Delvista's first affirmative defense states as follows: "Plaintiff failed to state a claim against Defendant for failing to provide a reasonable accommodation as Plaintiff failed to provide the information requested by Defendants to allow Defendants the opportunity to conduct a 'meaningful review' prior to him bringing his dog onto the property." (D.E. No. 74 at 5). Defendant Zelcer does not assert this affirmative defense. Plaintiff moves to strike this affirmative defense because it negates the facts alleged in Plaintiff's complaint. (D.E. No. 88 at 3).

Plaintiff argues the Complaint sufficiently alleges that he provided adequate information for Defendant to verify his disability. (D.E. No. 70 at 3-4). Particularly, Plaintiff provided Delvista with a letter from his psychiatrist confirming his need for an emotional support animal. (D.E. No. 70 at 4). Delvista argues that it needed more information to perform a meaningful review of the recommendation, which Plaintiff has failed to provide. (D.E. No. 103 at 4). Plaintiff replies by arguing that the information requested was excessive and unnecessarily

---

[2] Delvista asserts ten affirmative defenses (D.E. No. 74), while Zelcer asserts only nine (D.E. No. 75). With the exception of Delvista's first affirmative defense, Zelcer asserts the same defenses. This Court will make evident the corresponding number of Zelcer's affirmative defense when discussing Delvista's affirmative defenses.

invasive (D.E. No. 111 at 2). Further, Plaintiff argues that the request for more information is prohibited by the U.S. Department of Housing and Urban Development ("HUD") in its April 25, 2013, memorandum ("HUD Notice"). U.S. Dep't of Hous. and Urban Dev., *Service Animals and Assistance Animals for People with Disabilities in Housing and HUD-funded Programs*, http://www.fairhousingnc.org/wp-content/uploads/2013/05/HUD-FHEO-2013-01-Service-Animals-and-Assistance-Animals-PWD-in-Housing-and-HUD-funded-programs.pdf (last visited June 25, 2014).[3]

Defendant Delvista's First Affirmative Defense fails to "admit[] the essential facts of [the] complaint." *Losada*, 296 F.R.D. at 690. In the Complaint, Plaintiff alleges that Defendants received sufficient reliable and verifiable information regarding Plaintiff's disorder. Thus, Defendant's attempt to proffer that Plaintiff denied it the opportunity to conduct a meaningful review essentially disputes the facts as alleged in the Complaint. Therefore, Delvista's First Affirmative Defense is mislabeled and will be construed by this court as a specific denial. *See Losada*, 296 F.R.D. at 691.

### b.  Delvista's Second Affirmative Defense and Zelcer's First Affirmative Defense

Defendants plead the following affirmative defense: "Plaintiff's claims are barred by the doctrine of unclean hands insomuch as Plaintiff breached his duty to other residents of the 'no pet' community by failing to restrain his dog from harassing and/or attacking other residents." (D.E. No. 74 at 5, D.E. No. 75 at 6). Plaintiff moves to strike this defense as being conclusory and, in the event this Court finds the defense to be sufficiently pled, Plaintiff argues that the

---

[3] This Court finds notices and policies proffered by the U.S. Department of Housing and Urban Development ("HUD") persuasive. *See Sabal Palms*, 2014 WL 1092361, at *9 n.13.

doctrine of unclean hands does not apply because of the "important public purpose" served by the FHA. *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360 (1995). Defendants argue that Plaintiff's dog, Amir, has harassed and attacked other members of the Delvista community, and offer three incident reports to support this claim. (D.E. No. 103 at 5, 6).

The FHA recognizes an exception to the reasonable accommodation provision where the "specific assistance animal in question poses a direct threat to the health or safety of others that cannot be reduced or eliminated by another reasonable accommodation." HUD Notice at 3. Based on Amir's alleged history of aggression, Defendants attempt to raise this exception as an affirmative defense in the context of the unclean hands doctrine. In doing so, however, Defendants conflate two completely distinct legal theories (i.e., an exception to the FHA as opposed to an equitable doctrine of law). The affirmative defense of unclean hands can only be raised when (1) "a plaintiff's wrongdoing is directly related to the claim against which it is asserted" and (2) "if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by [the plaintiff's] conduct." *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 451 (11th Cir. 1993). Thus, if Defendants meet the requirements set forth under *Calloway* the affirmative defense of unclean hands will stand. *See* 986 F.2d at 451. However, the Court find's Amir's alleged harassment of other residents is not "directly related to the claim against which it is asserted." *Calloway*, 986 F.2d at 451. Nor does Plaintiff's conduct rise to the level of "unrighteous" or "unconscientious" such that Defendants may invoke the doctrine of unclean hands. *See Synovus Bank v. Sims*, 540 F. App'x. 905, 907 (11th Cir. 2013). While Defendants may certainly raise this factual scenario as a defense under the exception to the FHA, to label it "unclean hands" is incorrect as a matter of law.

Accordingly, Delvista's Second and Zelcer's First Affirmative Defense are stricken.

### c. Delvista's Third and Zelcer's Second Affirmative Defense

Defendants plead the following affirmative defense: "Plaintiff's claims are barred insomuch as Plaintiff did not pursue remedies with any local, state or federal agencies prior to the commencement of this action. Plaintiff's failure to pursue and/or exhaust any and all administrative remedies and procedures prior to commencing this action requires that his claims be dismissed." (D.E. No. 74 at 5, D.E. No. 75 at 6). As support for this defense, Defendants cite to *Sandhill, Inc. v. City of Springfield*, an unpublished Eighth Circuit opinion which purportedly requires "that a plaintiff . . . exhaust local administrative remedies prior to bringing an action under the Federal Fair Housing Act." (D.E. No. 103 at 6, D.E. No. 104 at 5) (citing *Sandhill*, 221 F.3d at 1343 (8th Cir. 2000)). In response, Plaintiff argues that this defense is clearly invalid as a matter of law and should be stricken. (D.E. No. 88 at 5).

Citing to the United States Supreme Court decision in *Gladstone v. Village of Bellwood*, Plaintiff insists that the FHA does not require administrative exhaustion. *Id.* Rather, an aggrieved party may seek redress in federal court *or* through an administrative process. *Id.* Specifically, the Court proclaimed, "Congress intended to provide all victims of [FHA] violations two alternative mechanisms by which to seek redress: *immediate suit in federal court*, or a simple, inexpensive, informal conciliation procedure . . . ." *Gladstone v. Village of Bellwood*, 441 U.S. 91, 104 (1979). In light of this controlling precedent, the Court agrees that Defendants' affirmative defense of administrative exhaustion is "clearly invalid as a matter of law." *Microsoft Corp., Inc.*, 211 F.R.D. at 683. Therefore, Delvista's Third Affirmative Defense and Zelcer's Second Affirmative Defense are stricken.

### d. Delvista's Fourth and Zelcer's Third Affirmative Defense

Defendants plead the following affirmative defense: "Plaintiff failed to meet his burden in obtaining a reasonable accommodation as Plaintiff's dog poses a potential health and safety threat to the other members of the Association and Plaintiff failed to provide reasonable safety mechanisms and/or precautions to protect the health and safety of other members of the community." (D.E. No. 74 at 6, D.E. No. 75 at 6). This affirmative defense accepts Plaintiff's allegations as true and raises an "avoidance" to Plaintiff's claims because the proposed reasonable accommodation may be harmful to other community members. *Losada*, 296 F.R.D. at 690. Although affirmative defenses are held to the plausibility standard proffered in *Twombley*, a court "cannot demand the same volume of facts as could be required of a Complaint." *Id.* at 691. This Court will allow Defendants to raise the affirmative defense that an FHA exception to providing a reasonable accommodation exists where an assistance animal "poses a direct threat to the health and safety of others that cannot be eliminated by another reasonable accommodation . . . ." HUD Notice at 3. Thus, Plaintiff's request to strike Delvista's Fourth and Zelcer's Third Affirmative Defense will be denied.

### e. Delvista's Fifth and Zelcer's Fourth Affirmative Defense

Defendants plead the following affirmative defense: "Plaintiff failed to meet his burden in seeking an accommodation by failing to show that his alleged impairment was necessary to afford the plaintiff an equal opportunity to use and enjoy his dwelling." (D.E. No. 74 at 5, D.E. No. 75 at 6). This affirmative defense is unclear and Defendants make no attempt to clarify this language in their responses. (D.E. Nos. 103, 104). Instead, Defendants defend the affirmative defense as intelligible. This Court disagrees. Therefore, Delvista's Fifth and Zelcer's Fourth

-8-

AffirmatI've Defense are stricken.

### f. Delvista's Sixth and Zelcer's Fifth Affirmative Defense

Defendants plead the following affirmative defense: "Defendant[s'] actions toward Plaintiff were in no way retaliatory but Defendants' good faith effort[s] to enforce their 'no pet' policy of their Governing Documents." (D.E. No. 74 at 5, D.E. No. 75 at 6). This affirmative defense fails to "admit[] the essential facts of [the] complaint." *Losada*, 296 F.R.D. at 690. Plaintiff alleges that Defendants' request for more documentation and the threat of legal action were retaliatory. Defendants argue that their request was not retaliatory, but was a good faith effort to fully investigate the accommodation. This defense clearly challenges the essential facts of the Complaint and, therefore, is not an affirmative defense. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Thus, Delvista's Sixth and Zelcer's Fifth Affirmative Defense will be construed as specific denials. *See Losada*, 296 F.R.D. at 691.

### g. Delvista's Seventh and Zelcer's Sixth Affirmative Defense

Defendants plead the following affirmative defense: "Plaintiff failed to meet his burden in seeking an accommodation by failing to show that [Defendants] refused to grant the requested accommodation." (D.E. No. 74 at 6, D.E. No. 75 at 6). Plaintiff argues that this affirmative defense fails to accept the allegations of the Complaint as true because Plaintiff alleges that Defendants' failure to grant the accommodation in reasonable time resulted in a constructive denial. (D.E. No. 70 at 7). In response, Defendants argue that Plaintiff never received an actual denial to his request for a reasonable accommodation, which is a prerequisite to commencing suit. *See United States v. Hialeah Hous. Auth.*, 418 F. App'x 872, 878 n.5 (11th Cir. 2011) ("[A] violation occurs when the disabled resident is first denied a reasonable accommodation.").

Although Defendants have neither expressly granted nor denied Plaintiff's request to keep Amir as a reasonable accommodation to the condominium's "no pet" policy, it is undisputed that they considered Plaintiff's initial petition as well as the accompanying documentation insufficient, thus prompting a request for more information. This Court has previously held that a constructive denial may occur when a condominium association fails to make a decision concerning the request for a reasonable accommodation. *See Sabal Palm Condo. of Pine Ridge Ass'n, Inc., v. Fischer*, No. 12-60691-Civ, 2014 WL 1092361, at *18 (S.D. Fla. Mar. 19, 2014). Delvista's Seventh and Zelcer's Sixth Affirmative Defense allege that Plaintiff has failed to demonstrate that Defendants ever refused to grant the requested accommodation – an argument which ultimately conflicts with the facts pleaded by Plaintiff. Because Defendants challenge the truth of Plaintiff's factual allegations within the Complaint, but nevertheless raise a viable defense as a matter of law, Delvista's Seventh and Zelcer's Sixth Affirmative Defense will be construed as specific denials.

h. **Delvista's Eighth and Zelcer's Seventh Affirmative Defense**

Defendants plead the following affirmative defense: "Plaintiff failed to sate [sic] a claim for damages insomuch as Plaintiff brought his dog onto the property and has at all time relevant hereto, maintained the animal in his condominium unit." (D.E. No. 74 at 6, D.E. No. 75 at 7). Plaintiff argues that Defendants fail to accept the allegations in the Complaint as true because Plaintiff asserts that he has lost his ability to enjoy equal opportunities in housing and suffers from "mental anguish, loss of dignity, [and] emotional distress." (D.E. No. 70 at 7-8). Defendants argue that Plaintiff suffered at best nominal damages because Plaintiff at all times has been able to keep Amir on the property. The Court finds this argument unpersuasive and

agrees with Plaintiff. Ultimately, Defendants assert a denial herein, not an affirmative defense. Noting that Defendants have already expressly denied this allegation in their Answers (D.E. No. 74 at ¶ 30, D.E. No. 75 at ¶ 30), Delvista's Eighth and Zelcer's Seventh Affirmative Defense will be stricken as redundant. See Fed. R. Civ. P. 12(f).

### i. Delvista's Ninth and Zelcer's Eighth Affirmative Defenses

Defendants plead the following affirmative defense: "Plaintiff failed to meet his burden in seeking an accommodation by failing to show that the dog of the size and weight maintained by plaintiff is necessarily [sic] to afford the Plaintiff an equal opportunity to enjoy his dwelling." (D.E. No. 74 at 6, D.E. No. 75 at 7). Plaintiff argues that HUD prevents "breed, size, and weight limitations" as grounds to deny a reasonable accommodation request for a particular assistance animal. (D.E. No. 88 at 9) (citing HUD Notice at 3). Defendants assert that the breed restriction at issue is not a Delvista policy; rather, it is a Miami-Dade County ordinance, which bans the alleged breed of Plaintiff's assistance animal. (D.E. No. 103 at 10-11, D.E. No. 104 at 9-10); *see* Miami-Dade County, Fla., ch.5-17, § 89-22 (1989).

Although this Court recognizes the persuasiveness of HUD notices and opinions, (*See Sabal Palms*, 2014 WL 1092361, at *9 n.13), county ordinances have the force of law. *See* Fla. Stat. § 125.01. Ultimately, persuasive authority in the form of a HUD Notice does not preempt Miami-Dade County's breed restriction. *See Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000) ("interpretations such as those in opinion letters – like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law . . . have the 'power to persuade.'"). Notwithstanding this limitation, the Court acknowledges that "[A]ny law of a State, a political subdivision, or other such jurisdiction that purports to require or

-11-

permit any action that would be a discriminatory housing practice . . . shall to that extent be invalid." 42 U.S.C. § 3615. In the context of the present motion, however, the Court finds that Defendants properly raise the issue of Amir's weight and size in the context of the Miami-Dade County ordinance. Accordingly, Plaintiff's request to strike Delvista's Ninth and Zelcer's Eighth Affirmative Defense is denied.

j.      **Delvista's Tenth and Zelcer's Ninth Affirmative Defenses**

Defendants plead the following affirmative defense: "Plaintiff's request to allow his dog to stay in Delvista is in direct violation of county law." (D.E. No. 74 at 6, D.E. No. 75 at 7). However, Defendants do not adequately identify the county ordinance Plaintiff allegedly violates by keeping Amir. (D.E. No. 74 at 6, D.E. No. 75 at 7). This Court is aware that Defendant must be referring to Miami-Dade County, Fla., ch.5-17, § 89-22 (1989), however nothing shall be assumed. Ultimately, Defendants' affirmative defense fails to give Plaintiff "fair notice" of the claim and the grounds upon which it rests. *See Twombley*, 550 U.S. at 555. Therefore, Delvista's Tenth, and Zelcer's Ninth Affirmative Defense are stricken without prejudice to afford Defendants the opportunity to specify the pertinent county ordinance.

After careful consideration, it is hereby:

**ORDERED and ADJUDGED** that

1.      Plaintiff's Motion to Strike Defendant Delvista Towers Condominium Association, Inc.'s Affirmative Defenses to Plaintiff's First Amended Complaint (D.E. No. 88) is **GRANTED IN PART and DENIED IN PART** as set forth herein.

      a.      Delvista's **First, Sixth and Seventh Affirmative Defenses** must be **RECLASSIFIED** as specific denials.

b. Delvista's **Second, Third, Fifth and Eighth Affirmative Defenses** are **STRICKEN WITH PREJUDICE.**

c. Plaintiff's request to strike Delvista's **Fourth and Ninth Affirmative Defenses** is **DENIED.**

d. Delvista's **Tenth Affirmative Defense** is **STRICKEN WITHOUT PREJUDICE.**

e. Delvista shall re-file its Answers and Affirmative Defenses **on or before July 11, 2014** to correct for the issues identified herein. Specifically, Delvista shall reclassify its First, Sixth and Seventh Affirmative Defenses as denials. Further, Delvista shall include citation to the specific county law to which it refers in its Tenth Affirmative Defense. Should Delvista fail to timely amend its pleading in accordance with this Order, the Court will consider Delvista's First, Sixth, Seventh and Tenth Affirmative Defenses waived.

2. Plaintiff's Motion to Strike Defendant Zelcer's Affirmative Defenses to Plaintiff's First Amended Complaint (D.E. No. 89) is **GRANTED IN PART and DENIED IN PART** as set forth herein.

a. Zelcer's **Fifth and Sixth Affirmative Defenses** must be **RECLASSIFIED** as specific denials.

b. Zelcer's **First, Second, Fourth and Seventh Affirmative Defenses** are **STRICKEN WITH PREJUDICE.**

c. Plaintiff's request to strike Zelcer's **Third and Eighth Affirmative Defenses** is **DENIED.**

d. Zelcer's **Ninth Affirmative Defense** is **STRICKEN WITHOUT**

**PREJUDICE**.

  e. Zelcer shall re-file his Answers and Affirmative Defenses **on or before July 11, 2014** to correct for the issues identified herein. Specifically, Zelcer shall reclassify his Fifth and Sixth Affirmative Defenses as denials. Further, Zelcer shall include citation to the specific county law to which he refers in his Ninth Affirmative Defense. Should Zelcer fail to timely amend his pleading in accordance with this Order, the Court will consider Zelcer's Fifth, Sixth and Ninth Affirmative Defenses waived.

  DONE AND ORDERED in Chambers at Miami, Florida, this 30 day of June, 2014.

                JOSE E. MARTINEZ
                UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record