UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-23074-CIV-MARTINEZ/GOODMAN

PAUL ALEXANDER WARREN,

    Plaintiff,

v.

DELVISTA TOWERS CONDOMINIUM
ASSOCIATION, INC., et al.,

    Defendants.

_____/

ORDER ON PLAINTIFF'S MOTION TO STRIKE

DEFENDANTS' DISCLOSURE OF EXPERT WITNESSES

This Cause is before the Undersigned on Plaintiff Paul Alexander Warren's ("Warren") Motion to Strike Defendants Delvista Towers Condominium Association, Inc. and Hyman D. Zelcer's (collectively "Defendants") late-disclosed expert witnesses. [ECF No. 101]. The Undersigned has reviewed the motion, the response [ECF No. 106], the reply [ECF No. 113], and the relevant portions of the record. For the reasons below, the Motion is **GRANTED**.

I.    BACKGROUND

Warren brought this lawsuit against Defendants for alleged violations of the Fair Housing Act ("FHA"). [ECF Nos. 1; 70]. Warren claims that Defendants violated the FHA when they denied him the ability to live in his condominium with an emotional support animal -- his dog. Warren argues that this emotional support animal is essential

1

because it alleviates one or more symptoms of his Severe Recurrent Major Depressive Disorder and Post Traumatic Stress Disorder. The condominium is a no-pets building and Defendants challenge Warren's mental health status and also contend that his dog, am American Staffordshire Terrier, i.e., a pit bull, is a danger, regardless of whether he meets the criterion for a support animal. [ECF Nos. 19; 74; 75].

On June 2, 2014, Defendants filed the disclosure of expert witnesses at issue here. [ECF No. 95]. Warren responded with the instant motion [ECF No. 101], arguing that the disclosure should be stricken because the deadline for expert witness disclosures had passed. [ECF No. 23]. Defendants responded that the disclosure of the expert witnesses was in compliance with Federal Rule of Civil Procedure 26(a)(2)(D). [ECF No. 106, p. 3]. Additionally, Defendants argued that Warren was not prejudiced by the disclosure, at least as to Dr. Stone, because Warren's *own* actions in arguing that his dog may not be an American Staffordshire Terrier led to the need for this expert witness.

## II.     APPLICABLE LEGAL STANDARD

Compliance with Rule 26's expert witness disclosure requirements is mandatory and self-executing. *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 51 (1st Cir. 2001). The purpose of the rule is to safeguard against surprise. *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir. 1992). A failure to comply with the expert witness disclosure requirements may result in the striking of expert reports or the preclusion of expert testimony. *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co., Ltd.*, No. 10-24310-CIV,

2011 WL 6372198, at *3 (S.D. Fla. Dec. 20, 2011). Courts routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense. *See, e.g.*, *Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este*, 456 F.3d 272, 277-78 (1st Cir. 2006) (affirming preclusion even though the result was to exclude evidence critical to plaintiff's claim); *see generally Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004) (excluding untimely expert report).

While preclusion is an appropriate sanction for failing to comply with the expert witness disclosure requirements, a court has great discretion in deciding whether to impose such a sanction. *Jackson v. Harvard Univ.*, 900 F.2d 464, 468-69 (1st Cir. 1990). In doing so, courts will analyze several factors, including the history of the litigation, the proponent's need for the challenged evidence, the justification for the late disclosure, and the degree of prejudice and whether it can be cured or ameliorated. *MaCaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003).

### III. DISCUSSION

Having reviewed the history of the litigation, Defendants' need for the challenged evidence, the justification for the late disclosures, and the degree of prejudice to Warren and whether it can be cured or ameliorated, the Undersigned finds that the late disclosures were not justified and, therefore, **GRANTS** Warren's Motion. The Undersigned will now address each expert.

3

### A. Warren's Motion to Strike Dr. McKee

In their untimely disclosure, Defendants state that "Dr. McKee is expected to testify regarding Plaintiff's diagnoses which are at issue in this case as well as her opinion related to the Plaintiff's need for an emotional support animal." [ECF No. 95, p. 1]. As Warren aptly points out in his motion, Warren's mental health was an issue from the *outset* of the litigation. [ECF No. 101, p. 4]. In fact, Warren's mental health is what spurred this litigation in the first place. Thus, the history of the litigation suggests that Defendants had more than enough time to disclose their expert on this issue.

Defendants' justification for the late disclosure of Dr. McKee is that the disclosure was in compliance with Rule 26(a)(2)(D), which provides that "[a] party must make [expert testimony] disclosures at the times and in the sequence that the court orders . . . Absent a stipulation or court order, the disclosures must be made: (i) at least 90 days before the date set for trial . . ." The Undersigned finds this argument unpersuasive. Here, the District Court imposed a March 26, 2014 deadline. [ECF No. 23, p. 5]. Although the deadline for discovery was extended on May 13, 2014, that extension only affected "subsequent" deadlines, i.e., deadlines that had not yet passed. [ECF No. 81, p. 2]. Since the March 26, 2014 deadline for disclosing expert witnesses had already passed, it was not subject to modification.

Because the disclosure was late, and Warren was unduly prejudiced by the late disclosure, the Undersigned finds that it is not possible to cure the prejudice. Thus, the Motion as to Dr. McKee is **granted**.

### B. Warren's Motion to Strike Dr. Stone

Defendants contend that striking Dr. Stone would be unduly prejudicial because Warren tried to "ambush" them by recently contending for the first time that the dog may not be an American Staffordshire Terrier. [ECF No. 106, p. 3]. But it was actually Defendants who put the dog's breed at issue in the case. Defendants raised the issue at an April 21, 2014 hearing before the Undersigned and again in their amended answers. [ECF Nos. 74; 75]. Although Defendants believed that Warren would not challenge the breed of the dog, they were certainly aware that the dog's breed might come up.

The Undersigned also takes note of the District Court's order denying Warren's motion to supplement his opposition to Defendants' summary judgment motion. [ECF No. 121]. Warren sought to introduce a genetic report showing that his dog may not be an American Staffordshire Terrier. [ECF No. 90]. The District Court denied the request, finding that the expert witness disclosure deadline had already passed and it was unlikely that Warren would be able to establish the necessary foundation for the report.

[ECF No. 121, pp. 2-3]. Thus, it is readily apparent that the District Court will not neglect deadlines without sufficient justification.[1]

No expert has been approved to testify about the breed of the dog on Warren's behalf and therefore Defendants cannot argue that their expert should be allowed as a rebuttal witness. *Cf. Frasca v. NCL (Bahamas) Ltd.*, No. 12-20661-CIV, 2014 WL 970060, at *2 (S.D. Fla. March 12, 2014) (ameliorating a late disclosure of an expert by extending the rebuttal expert deadline). As it stands, Defendants do not have sufficient justification for untimely disclosing Dr. Stone, and the prejudice it would cause cannot be cured or ameliorated. Thus, the Undersigned **grants** the Motion as to Dr. Stone.

## IV.     CONCLUSION

Because the deadline for disclosing expert witnesses has passed and Defendants have not shown sufficient justification, Warren's Motion is **GRANTED.**

**DONE AND ORDERED** in chambers, Miami, Florida, July 30, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Jose E. Martinez
All Counsel of Record

---

[1] The Undersigned takes no position on Warren's argument that, as a matter of law, the District Court may not consider Warren's dog's breed in evaluating his claims. However, the Undersigned notes that the District Court, in an order issued yesterday denying Defendants' summary judgment motion, concluded that the Miami-Dade County ordinance banning pit bulls is preempted by the FHA. [ECF No. 139].